# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 04 C 5301 |
| BOB WATSON CHEVROLET | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff EEOC's Submission in Support of Plaintiff's Proposed Protective Order and Defendant's Agreed Protective Order and Brief in Support. The parties dispute two areas with respect to a proposed protective order governing the pretrial use and disclosure of certain discovery materials. The Court addresses the disputed areas below.

## BACKGROUND

The EEOC brings this case on behalf of a class of female employees against Bob Watson Chevrolet ("Watson Chevrolet"), alleging that Watson Chevrolet violated Title VII by retaliating against a class of female employees by closing the dealership's phone room after women in that department were involved in a class action sexual harassment suit against Watson Chevrolet. The EEOC also alleges that Watson Chevrolet discriminated against a class of female employees by creating a sexually hostile work environment.

Watson Chevrolet maintains that the phone room was not a profitable portion of its business and was closed for business reasons. Watson Chevrolet states that only four individuals were employed in the phone room when it closed and all four employees were offered higher paying sales

positions and only one employee accepted the sales position offer. Watson Chevrolet further states that the EEOC has only identified three purported class members and that one of the class members, Petrina Benford, was terminated in October 2001 after receiving at least three written reprimands.

## **DISCUSSION**

Although pretrial discovery is usually conducted in private, "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 944-45 (7th Cir. 1999). In order to protect the legitimate privacy interests of litigants and non-parties, Federal Rule of Civil Procedure 26(c) allows a court to enter a protective order for good cause shown. The Seventh Circuit has made clear that a trial judge must make an independent determination of good cause prior to issuing a protective order, even if the parties submit an agreed protective order. "The judge is the primary representative of the public interest in the judicial process" and has an independent duty to balance the public's interest against the "property and privacy interests of the litigants." Id. at 945.

An independent determination of good cause prevents the parties from having "carte blanche to decide what portions of the record shall be kept secret." Citizens, 178 F.3d at 945. Only genuine trade secrets or "some other properly demarcated category of legitimately confidential information," such as information covered by a recognized privilege, "matters occurring before the grand jury," or information required by statute to be maintained in confidence (i.e. the name of a minor victim of a sexual assault) are entitled to be kept secret and out of the public record. Baxter, 297 F.3d at 546; Citizens, 178 F.3d at 946.

A court need not determine good cause on a document-by-document basis. Citizens, 178 F.3d at 946. Rather, a court may authorize the parties to restrict public access to properly demarcated

categories of legitimately confidential information if the judge (1) satisfies herself that the parties know what the legitimate categories of protectable information are and are acting in good faith in deciding which parts of the record qualify for protection and (2) makes explicit that either party and any interested member of the public can challenge the designation of particular documents. Id.

A. **Information Pertaining to Current and Former Officers, Directors, and Employees**

The parties have agreed to keep certain discovery information exchanged amongst themselves private and not to voluntarily disseminate such information to persons not involved in the litigation. This type of agreement is entirely proper. The Seventh Circuit has stated that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." Baxter International, Inc. v. Abbott Laboratories, 297 F.3d 544, 545 (7th Cir. 2002). "Absent a protective order, parties to a law suit may disseminate materials obtained during discovery as they see fit." Jepson, Inc. v. Makita Electric Works, Limited, 30 F.3d 854, 858 (7th Cir. 1994). "In other words, if they do not see fit to disseminate discovery information, the parties need not do so." In re Bridgestone/Firestone, Inc., 198 F.R.D. 654, 657 (S.D. Ind. 2001).

Access to discovery materials presented to the court is another issue. The parties here dispute whether the following categories of documents pertaining to Watson Chevrolet and its current and former officers, directors, and employees, including class members, should be filed under seal when pertinent to a court filing or pleading: 1) wage, financial, or tax information; 2) unlisted home addresses and telephone numbers; 3) performance evaluations and records of discipline; 4) criminal history; 5) credit information; 6) marital status; and 7) complaints of sexual harassment or retaliation. The EEOC opposes a protective order allowing the filing of this information under seal because it contends that many of these documents are "central to the dispositive issues in this case." EEOC's

Submission at 3. Watson Chevrolet states that the EEOC's assertion of relevance is "incorrect" but fails to elaborate.

The Seventh Circuit has recognized that when the information for which confidential protection is sought is important to the claims in the litigation, it is difficult to justify confidentiality restrictions. See Baxter, 297 F.3d at 546 (stating "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed."). The Seventh Circuit has explained: "[M]any litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed." Id. at 547; see also Union Oil v. Leavell, 220 F.3d 562, 567 (7th Cir. 2000) (recognizing that an executive's salary would not be entitled to confidential treatment "if a dispute erupted about payment (or termination).").

Rule 26(c) provides that "for good cause shown, the court . . . may make any order which justice requires to protect a party . . . from annoyance [and] embarrassment . . . ." See also Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (recognizing that although Rule 26(c) does not contain a specific reference to privacy, it is "implicit in the broad purpose and language of the Rule."). Current and former officers, directors, and employees of Watson Chevrolet, including class members, have a legitimate interest in protecting the privacy of their wage, financial, or tax information, unlisted home addresses and telephone numbers, criminal history, credit information, and marital status assuming this information is unrelated to the EEOC's claims. Knoll v. American Telephone & Telegraph Co., 176 F.3d 359, 365 (6th Cir. 1999) (affirming protective order providing for disclosure of personnel files on an attorneys' eyes only basis because personnel files might contain "highly personal information such as an individual's unlisted address and telephone number,

marital status, wage information, medical background, credit history (such as requests for garnishment of wages) and other work-related problems unrelated to plaintiff's claims). The EEOC has not explained how wage, financial, or tax information, unlisted home addresses and telephone numbers, criminal history, credit information, and marital status of current and former officers, directors, and employees, including class members, "may be central to the dispositive issues in this case." Public disclosure of this "highly personal" and irrelevant information may cause these persons unnecessary annoyance or embarrassment and would unfairly and gratuitously invade their privacy. For these reasons, the Court finds good cause for protecting these categories of information from public inspection in court filings and judicial decisions. Saket v. American Airlines, 2003 WL 685385, at * 3 (N.D. Ill. Feb. 28, 2003); Davis v. Precoat Metals, 2002 WL 1759828, at *4 (N.D. Ill. July 29, 2002) (finding employer may redact or remove unlisted addresses and telephone numbers, social security numbers, martial status, medical and health insurance information, criminal history, and credit information from personnel files prior to production).

Whether performance evaluations, records of discipline, and complaints of sexual harassment or retaliation of non-class members may be filed under seal is a closer question given the greater likelihood of relevance to the subject matter. Non-parties have valid privacy concerns regarding public disclosure of their personnel information. Knoll, 176 F.3d at 365 (stating that "it is clear that [the employer] defendants had a valid interest in the privacy of nonparty personnel files . . . ."); Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994) (stating disclosure of non-party employees' personnel files "would invade the privacy of other employees."). On the other hand, it is also clear that what happens in the federal courts "is presumptively open to public scrutiny." Krynicki v. Lopachich, 983 F.2d 74, 75 (7th Cir.1992). "Judges deliberate in private but issue public decisions

after public arguments based on public records . . . . Any step that withdraws an element of the judicial process from public view makes the ensuring decision look more like fiat; this requires rigorous justification." Id. The public's right of access to court proceedings and documents applies with equal force to discovery materials used in pretrial, nondispositive motions. Citizens, 178 F.3d at 945 (stating that the public has "an interest in what goes on at all stages of a judicial proceedings.").

In an effort to balance the privacy interests of non-parties with the public right of access to court proceedings and documents, the Court orders the following regarding public disclosure of non-class members' personnel information in discovery motions.[1] If non-class members' performance evaluations, discipline records, and complaints of sexual harassment and retaliation form the basis of any discovery motion, the substance of these documents are subject to public disclosure in court filings and pleadings. See Plair v. E.J. Brach & Sons, Inc., 1996 WL 67975, at *5 (N.D. Ill. Feb. 15, 1996). If information relating to these categories of documents forms the basis of any discovery decisions, the substance of the documents will similarly be publicly available. Id. If the actual documents need to be filed with the court, non-class members' names and identifying factors shall be redacted. The identities of other employees can be protected by referencing them by code number rather than name in any court filing or pleading. Id. A coded list of other employees by name may be filed under seal. Id.

---

[1] This case has been referred only for discovery supervision and resolution of discovery motions. If dispositive motions are filed and/or this case proceeds to trial, the district court will determine at that time whether any of the confidential information identified by the parties should become a part of the public record.

## B. Watson Chevrolet's Tax Returns

Watson Chevrolet also argues that its tax returns should be discoverable only on an attorney's eyes only basis because the three identified class members as well as several of fifteen former employees of Watson Chevrolet identified by the EEOC as witnesses are believed to be employed by Watson Chevrolet's direct competitors. Watson Chevrolet is a privately held company. It states that the motor vehicles sales market is highly competitive, employee turnover its high, and it is common for sales people and managers to work for competing dealerships. Watson Chevrolet claims that disclosure of its tax returns to its competitors "would likely subject Watson Chevrolet to great and irreparable harm." The "likely" "great and irreparable harm" has not been specified.

The EEOC maintains that restricting tax returns to attorney's eyes only "effectively prohibits the EEOC from using Defendant's tax returns for any reason before trial, by prohibiting their use at depositions, barring their disclosure to any experts, and keeping them from use on pretrial motions." EEOC's Submission at 2. The EEOC explains the Watson Chevrolet's tax returns are relevant to testing its assertion that the purported non-discriminatory reason for closing the phone room was to increase Watson Chevrolet's profits.

Watson Chevrolet has a valid interest in protecting the privacy of its tax returns. Methodist Hospitals, Inc. v. Sullivan, 91 F.3d 1026, 1031 (7th Cir. 1996) (noting that public disclosure of tax returns is "highly restricted."). In Methodist Hospitals, the Seventh Circuit allowed personal income information to be redacted from a party's brief because the information was completely irrelevant to the dispute and "[i]ts inclusion in the state's memorandum [was] gratuitous." Id. at 1031. In contrast, Watson Chevrolet's tax returns are potentially relevant to rebutting its asserted legitimate, non-discriminatory reason for closing the phone room. The Court is thus unwilling to direct that the

tax returns are discoverable on an attorneys' eyes only basis or find good cause for filing them under seal if they form the basis of a pleading or judicial decision. However, the Court concludes that good cause exists to: (1) prohibit disclosure of irrelevant portions of Watson Chevrolet's tax returns and the substance of those portions to any person other than the EEOC's attorneys and (2) prohibit disclosure of relevant portions of Watson Chevrolet's tax returns to class members and witnesses unless they have a need to know such information for purposes of this litigation.[2]

Counsel are directed to submit to chambers a protective order complying with this Order and the limitations on protective orders established by the Seventh Circuit Court of Appeals. The proposed protective order should indicate that the parties must file public pleadings and briefs but may file sealed supplements if necessary to discuss in detail materials subject to the protective order. See Pepsico, Inc. v. Redmond, 46 F.3d 29 (7th Cir. 1995) and In the Matter of Grand Jury, 983 F.2d 74 (7th Cir. 1992) (discussing the impropriety of filing entire pleadings or briefs under seal). The protective order shall also state that either party or an interested member of the public can challenge the secreting of particular documents pursuant to the protective order. Citizens, 178 F.3d at 946. Finally, the proposed protective shall provide that Local Rule 26.2(e) governs the disposition of sealed documents maintained by the clerk following conclusion of the case.

---

[2] Watson Chevrolet contends that certain portions of the tax returns such as income to shareholders and officers; shareholder social security numbers; other company assets; interest income; value of other investments; revenue from other sources, such as bad debt collection and finance and insurance; accounts receivable; other liabilities; and deductions for memberships, office supplies and equipment rental are not relevant or necessary to the EEOC's rebuttal of Watson Chevrolet's non-discriminatory reason for closing the phone room.

E N T E R:

*Nan R. Nolan* (signature)

**Nan R. Nolan**
**United States Magistrate Judge**

**Dated: April 18, 2005**