# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br><br>Plaintiff, )<br><br>v. )<br><br>BOB WATSON CHEVROLET, )<br><br>Defendant. ) | No. 04 C 5301<br><br>~~Judge Anderson~~<br><br>Magistrate Judge Cole |

## CONSENT DECREE

### THE LITIGATION

1. Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed this action alleging that Defendant Bob Watson Chevrolet, Inc. ("Watson Chevrolet") violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, by discriminating against Jane Donovan ("Donovan"), Daniette Price ("Price"), and a class of women by retaliating against them for participating in a proceeding under Title VII and by discriminating against Petrina Benford ("Benford") and a class of women because of their sex by subjecting them to sexual harassment.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). Neither party admits to any of the claims or defenses raised or asserted by the other in this case and the parties are resolving this matter to avoid further litigation.

3. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC and the underlying charges brought by Donovan, Price, and Benford (hereafter "the Charging Parties").

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a. This Court has jurisdiction of the subject matter of this action and of the parties.

    b. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the EEOC, Watson Chevrolet, the Charging Parties and the public interest are adequately protected by this Decree.

    c. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the Title VII and will be in the best interests of the parties, the Charging Parties, and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## INJUNCTION AGAINST SEX DISCRIMINATION AND RETALIATON

5. Watson Chevrolet and its owners, officers, agents, management (including supervisory employees), successors and assigns, and all those in active concert or participation with them, or any of them are hereby enjoined from discriminating against any employee on the basis of sex.

6. Watson Chevrolet and its owners, its officers, agents, employees, successors, assigns and all persons acting in concert with it are hereby enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII,

filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## MONETARY RELIEF

7. Subject to the terms and conditions of this Decree, Watson Chevrolet shall pay the aggregate sum of $28,500 to the Charging Parties, with appropriate deductions made to the portion designated as backpay. Watson Chevrolet shall pay $9,500 each to Donovan, Price, and Benford, less any applicable withholding, as follows: a) with respect to the payments to Donovan and Price, $5,000 each shall be designated as backpay, which will be subject to the employee's share of required tax withholdings and deductions and for which Watson Chevrolet will issue an IRS Form W-2 to each; and $4,500 each shall be designated as compensatory damages, for which Watson Chevrolet will issue an IRS Form 1099; and b) with respect to the payment to Benford, the entire amount of $9,500 shall be designated as compensatory damages, for which Watson Chevrolet will issue an IRS Form 1099.

8. Within five (5) business days after the approval and entry of this Decree, the EEOC will mail to the Charging Parties a copy of the Release Agreement attached as Exhibit A (hereafter, "Release Agreement."). Within five (5) business days after receipt by the EEOC of a copy of the Release Agreement signed by the Charging Party, the EEOC shall mail said Release Agreement to Watson Chevrolet and provide Watson Chevrolet with the current address for each Charging Party. Within five (5) business days of the receipt by Watson Chevrolet of the Release Agreement signed by a Charging Party, Watson Chevrolet shall issue and mail by certified mail to that Charging Party a check reflecting the amounts and withholding, if applicable, specified in paragraph 7 above. Watson Chevrolet will also send a copy of the checks to the EEOC.

3

## POSTING OF NOTICE

9. Within ten (10) business days after approval and entry of this Decree, Watson Chevrolet shall post copies of the Notice attached as Exhibit B to this Decree on the bulletin boards usually used by Watson Chevrolet for posting governmental notices directed to employees. The Notice shall remain posted for two (2) years from the date of entry of this Decree. Watson Chevrolet shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Watson Chevrolet shall certify to the EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted. Watson Chevrolet shall permit a representative of the EEOC to enter Watson Chevrolet's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours.

## RECORD KEEPING

10. During the period in which this Decree is effective, Watson Chevrolet shall maintain and make available for inspection and copying by the EEOC records (including names, social security numbers, addresses, and telephone numbers) of each employee who complains of sex discrimination or retaliation.

11. Watson Chevrolet shall make all documents or records referred to in Paragraph 10 above, available for inspection and copying within ten (10) business days after the EEOC so requests. In addition, Watson Chevrolet shall require personnel within its employ whom the EEOC requests for purposes of verifying compliance with this Decree to cooperate with the EEOC and to be interviewed.

## TRAINING

12. Within ninety (90) days following the approval and entry by this Decree, all of Watson Chevrolet's owners, supervisory, managerial, and human resources employees shall participate

4

in a training session regarding retaliation presented by Watson Chevrolet's counsel, Martin LaPointe, paid for by Watson Chevrolet and approved by the EEOC. A registry of attendance shall be maintained. Also within ninety (90) days, all Watson Chevrolet's owners, supervisory, managerial, and human resources employees shall participate in an internet based training program for managers proposed by Watson's counsel and approved by the EEOC. Any new owners, supervisory, managerial, and human resources employees beginning employment with Watson Chevrolet during the course of the decree must complete the internet based training within thirty (30) days of beginning employment. Within six months of the approval and entry of this Decree, Bob Watson will require all employees to receive anti-harassment training as set forth in the Settlement Order and Modification of Final Consent Decree in *Isom-McDaniel, et. al v. Bob Watson Chevrolet, Inc.*, 01 C 4542. A registry of training received shall be maintained.

13. With respect to anti-retaliation training, Watson Chevrolet shall obtain the EEOC's approval of its proposed trainer prior to the commencement of the training session. Watson Chevrolet shall submit the name, address, telephone number, resume and training proposal of the proposed trainer to the EEOC at least fifteen (15) business days prior to the proposed commencement date of the training. The EEOC shall have ten (10) business days from the date of receipt of the information described above to accept or reject the proposed trainer. In the event the EEOC does not approve Watson Chevrolet's designated trainer, Watson Chevrolet shall have ten (10) business days to identify an alternate trainer. The EEOC shall have ten (10) business days from the date of receipt of the information described above to accept or reject the alternate trainer. If the parties cannot through this process agree on a trainer, then they may seek the Court's assistance under Paragraph 17.

14. Watson Chevrolet shall certify to the EEOC in writing within five (5) business days after the ninetieth (90th) day following the entry of this Decree and again prior to the termination of this Decree that group training has taken place and that the required personnel have attended. Such certification(s) shall include: (i) the date, location and duration of the training; and (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance. Prior to each anniversary date following the entry of this Consent Decree, Watson Chevrolet shall certify in writing to the EEOC that training of all new supervisory, managerial, and human resources employees has taken place; the date, location, and duration of such training; and the name and position of each such person trained.

15. Upon the EEOC's request, Watson Chevrolet agrees to provide the EEOC with copies of any and all pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions.

## REPORTING

16. Watson Chevrolet shall furnish to the EEOC the following written reports semi-annually for a period of two (2) years following the approval and entry of this Consent Decree. The first report shall be due six (6) months after entry of the Consent Decree. The final report shall be due two (2) years after entry of the Decree. Each such report shall contain (as applicable):

(a) A summary all complaints of sex discrimination and retaliation received for the six (6) month period preceding the report, including the date the complaint was made, who made it, what was alleged, and what actions Watson Chevrolet took to resolve the matter.

(b) A certification by Watson Chevrolet that the Notice required to be posted in Paragraph 9, above, remained posted during the entire six (6) month period preceding the report.

## DISPUTE RESOLUTION

17. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

18. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following the approval and entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraph 17, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

19. Each party to this Decree shall bear its own expenses, attorney's fees, and costs.

20. Nothing in this Decree shall abrogate or alter any of the terms or conditions set forth in the Settlement Order or Modification of Final Consent Decree in *Isom-McDaniel, et. al v. Bob Watson Chevrolet, Inc.*, 01 C 4542.

21. The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors, and assigns of Watson Chevrolet. Watson Chevrolet will

provide a copy of this Decree to any person(s) or organization(s) which proposes to acquire or merge with Watson Chevrolet, prior to the effectiveness of any such acquisition or merger.

22. When this Decree requires the submission by Watson Chevrolet of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Watson Chevrolet Consent Decree Compliance, Richard J. Mrizek, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2800, Chicago, Illinois, 60661. When this Decree requires submission by EEOC of materials to Watson Chevrolet, they shall be mailed to: Martin LaPointe, Burke, Warren, MacKay & Serritella, P.C., 330 N. Wabash, 22nd Floor, Chicago, Illinois, 60611.

ENTERED AND APPROVED FOR:

| | |
|---|---|
| For the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION GROUP, INC.<br>1801 L Street, N.W.<br>Washington, D.C. 20507 | For BOB WATSON CHEVROLET, INC. |

For the EQUAL EMPLOYMENT
GROUP, INC.
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

For BOB WATSON CHEVROLET, INC.

_____
MARTIN K. LAPOINTE
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash, 22nd Floor
Chicago, Illinois 60611
312 840 7000

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 886-9072

_____
JOHN C. HENDRICKSON
Regional Attorney

_____
GREGORY GOCHANOUR
Supervisory Trial Attorney

_____
RICHARD J. MRIZEK
Trial Attorney

DATE: 3/30/06

_____
ENTER:
The Honorable Judge Jeffrey Cole
United States Magistrate Judge

9

## EXHIBIT A

## **RELEASE AGREEMENT**

I, [name of Charging Party], for and in consideration of the sum of $ 9,500, less any required withholding and deductions, payable to me pursuant to the terms of the Consent Decree entered by the Court in *EEOC v. Watson Chevrolet Group, Inc.*, No. 04 C 5301 (N.D. Ill.), hereby waive my right to recover for any claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, that I had against Watson Chevrolet prior to the date of this release and that were included in the claims alleged in EEOC's complaint in *EEOC v. Watson Chevrolet Group, Inc.*, No. 04 C 5301 (N.D. Ill.).

_____   _____
Date                                                                  Signature

## EXHIBIT B
## NOTICE TO WATSON CHEVROLET EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in the Northern District of Illinois in *EEOC v. Watson Chevrolet Group, Inc.*, No. 04 C 5554, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Watson Chevrolet.

In its suit, the EEOC alleged that Watson Chevrolet retaliated against employees for exercising their rights under Title VII and fostered a sexually hostile work environment. Neither party admitted to any of the claims or defenses raised or asserted in this case and the parties resolved this matter to avoid further litigation.

To resolve the case, Watson Chevrolet and the EEOC have entered into a Consent Decree which provides for a monetary payment to the former employees who filed charges with the EEOC and provides, among other things, that:

1) Watson Chevrolet will not discriminate against any employee on the basis of sex.

2) Watson Chevrolet will not retaliate against any person because (s)he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree;

3) Watson Chevrolet will train all its managers and human resource personnel regarding sex discrimination and retaliation.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may follow the complaint procedure in Watson Chevrolet's non-discrimination and anti-harassment policy and you may contact the EEOC at (312) 353-8195. The EEOC charges no fees and has a TTD number.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to Watson Chevrolet Settlement, EEOC, 500 West Madison Street, Suite 2800, Chicago, IL 60661.

3/30/06
Date

Magistrate Judge Jeffrey Cole
United States District Court

11